# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51272

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: August 9, 2024 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| NICHOLAS STUART COLSON, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cynthia Yee-Wallace, District Judge.

Judgment of conviction and unified sentence of twenty years, with a minimum period of confinement of five years, for sexual abuse of a child under the age of sixteen years, affirmed; order relinquishing jurisdiction, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

Nicholas Stuart Colson pled guilty to an amended charge of sexual abuse of a child under the age of sixteen years. I.C. § 18-1506. In exchange for his guilty plea, the State dismissed an intimidating a witness charge. The district court sentenced Colson to a unified term of twenty years, with a minimum period of confinement of five years. The district court retained jurisdiction, and Colson was sent to participate in the rider program. After Colson completed his rider, the district court followed the Department of Correction's recommendation to relinquish jurisdiction.

1

On appeal, Colson argues that his sentence is excessive and that the district court erred by relinquishing jurisdiction instead of placing him on probation.

Colson contends that his sentence is excessive and constitutes an abuse of discretion. Sentencing is a matter for the trial court's discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is also a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in imposing sentence or relinquishing jurisdiction. Colson's judgment of conviction and sentence and the order of the district court relinquishing jurisdiction are affirmed.